IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAM MEHTA and NEENA METHA, | § § § | No. 54, 2021 |
| Plaintiffs Below, Appellants, | § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § § | C.A. No. 2020-0496-PAF |
| WESTROCK CO. and its officials, SMURFIT-STONE CONTAINER CORPORATION and its officials, ROCK-TENN COMPANY and its officials, | § § § § § | |
| Defendants Below, Appellants. | § § | |

Submitted: August 6, 2021
Decided: September 20, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1) The appellants, Ram and Neena Mehta, challenge a decision of the Court of Chancery that granted the appellees' motion to dismiss their complaint. On January 26, 2009, Smurfit-Stone Container Corporation filed for bankruptcy, and on June 21, 2010, the bankruptcy court approved a plan of reorganization. Before Smurfit-Stone filed for bankruptcy, the Mehtas held 170,082 shares of the

company's common stock (the "old shares"). Under the bankruptcy plan, the Mehtas' old shares were cancelled and the Mehtas received approximately 1,486 shares of common stock in the reorganized Smurfit-Stone (the "new shares"). The bankruptcy plan contemplated that the holders of the old shares might receive additional distributions under certain circumstances; in order to facilitate any future *pro rata* distribution that might occur, The Depository Trust Company created escrow positions for the holders of the old shares, equal to the number of the old shares that they owned. Thus, the Mehtas were credited with 170,082 escrow shares.

(2) On January 23, 2011, Smurfit-Stone announced that it would merge with Rock-Tenn Company. Holders of the new shares would receive a mixture of cash and shares of Rock-Tenn common stock in the merger. The merger was the subject of stockholder litigation that challenged the adequacy of the merger consideration to the Smurfit-Stone stockholders. On February 2, 2012, the Court of Chancery entered a final order and judgment that certified the stockholders as a class, approved a settlement of the litigation, dismissed the litigation with prejudice, and granted the defendants broad releases.

(3) The Mehtas declined the merger consideration and sought appraisal, but they never perfected their appraisal rights by filing a petition for appraisal in the Court of Chancery. The merger closed on May 27, 2011. On September 23, 2011, the Mehtas filed an action in the Court of Chancery asserting claims for breach of

2

fiduciary duty against the past and present directors of Smurfit-Stone and Rock-Tenn. The complaint alleged wrongdoing leading up to Smurfit-Stone's bankruptcy, challenged the merger with Rock-Tenn, and asserted that the Mehtas had not been paid the merger consideration after their appraisal demand lapsed.[1] The Court of Chancery dismissed the claims relating to the bankruptcy and the merger but determined that the Mehtas had stated a claim for nonpayment of the merger consideration. The parties ultimately settled that litigation, as memorialized in a settlement agreement and release dated November 15, 2014.

(4) In 2015, Rock-Tenn merged with MeadWestvaco Corporation, and the combined entity was named WestRock Company. In November 2018, the Mehtas informed WestRock that they had not received distributions on their Smurfit-Stone escrow shares. WestRock explained that any possibility for distributions ended after the 2011 merger between Smurfit-Stone and Rock-Tenn. On June 22, 2020, the Mehtas filed an action in the Court of Chancery, in which they claimed that Smurfit-Stone, Rock-Tenn, and WestRock "committed fraud and embezzlement of money" against the Mehtas by "not doing final distribution for [the Mehtas'] escrow stocks in the amount of $1,333,442.88."

(5) The defendants moved to dismiss the Mehtas' complaint. After briefing, the court held a hearing on the motion to dismiss on February 8, 2021. At

---

[1] *Mehta v. Smurfit-Stone Container Corp.*, 2014 WL 5438534 (Del. Ch. Oct. 20, 2014).

3

the conclusion of the hearing, the Court of Chancery granted the motion to dismiss in a bench ruling. The court held that because the complaint sought compensatory, monetary damages and the Mehtas did not identify any statute that conferred subject matter jurisdiction over the action, the court lacked subject matter jurisdiction unless the complaint stated an equitable claim. The court then considered whether the complaint stated a claim for equitable fraud and concluded that it did not. Specifically, the court held that the complaint did not allege any representation of material fact that could form the basis for a claim of equitable fraud; did not allege that anyone promised the Mehtas that there would actually be a follow-on distribution on the escrow shares; did not allege with particularity who made statements to the Mehtas regarding the escrow shares, what that person's intent was, and whether that person had a fiduciary relationship with the Mehtas; and did not claim that a distribution was made on the escrow shares that the Mehtas did not receive.[2] The court further found that even if the complaint had stated a claim, it was barred by the releases contained in the bankruptcy confirmation, the settlement of the stockholder litigation, and the Mehtas' settlement of their prior litigation in the Court of Chancery.

(6) We conclude that the Court of Chancery's judgment should be affirmed

---

[2] *See generally Zirn v. VLI Corp.*, 681 A.2d 1050, 1060-61 (Del. 1996) (stating the elements of common-law and equitable fraud).

4

on the basis of its February 8, 2021, bench ruling. The fact that the court ruled from the bench does not suggest that the court ruled in a "prejudicial manner," as the Mehtas suggest on appeal, but rather that the court was well prepared by the time of the hearing on the motion to dismiss. Moreover, the Mehtas argue on appeal that $2 billion remained to be distributed to Smurfit-Stone's common stockholders under the bankruptcy plan. As the Court of Chancery correctly held, that claim is subject to the exclusive jurisdiction of the bankruptcy court.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *See* Appendix to Appellees' Answering Brief, at B367.